PERAGIO, The (DULANY v.). See Case No. 4,123.

PERALTA (UNITED STATES v.). See Cases Nos. 16,029–16,032.

---

## Case No. 10,973.

### PERDICARIES v. CHARLESTON GAS-LIGHT CO.

[1 Hughes, 69.] [1]

Circuit Court, D. South Carolina. · Dec., 1877.

SEQUESTRATION — BY CONFEDERATE GOVERNMENT —WHAT TITLE PASSED.

Stock in a corporation in South Carolina owned, during the Civil War, by citizens of the United States, sequestrated during the period of war by a Confederate court, and sold to citizens of South Carolina at first and second-hand, did not pass by such proceedings to the purchasers, but belongs still to the loyal citizens against whom it was sequestrated.

[Cited in Dorr v. Gibboney, Case No. 4,006.]

[This was a bill in equity by Gregory A. Perdicaries against the Charleston Gaslight Company.]

On the 30th August, 1861, the Confederate states passed an act in retaliation for the act of the 6th August of the United States, sequestrating, with few exceptions, the property of loyal citizens found within their territory. The proceeds of sale of such sequestrated property was paid into the Confederate treasury, to be held as an indemnity to those suffering loss under said act in

[1] [Reported by Hon. Robert W. Hughes. District Judge, and here reprinted by permission.]

the United States. Shortly thereafter a vigilance committee in Charleston reported to the officers charged with the execution of this act, that certain shares in the Charleston Gaslight Company were held by such loyal citizens.

Pursuant to the act a writ of garnishment was served on the company, requiring it to make return of its shares so held. On the 27th September, 1861, the company made its return, setting forth that fifteen (15) of its stockholders were, as far as your deponent is informed, living in the several cities of the United States hereinafter set forth, but it cannot pretend to determine whether or not they are alien enemies; and that these held four thousand two hundred and sixty-six (4,266) shares, and were entitled to four thousand and two hundred and sixty-six (4,266) dollars as dividends. Of these, thirteen citizens of New York, Pennsylvania, and New Jersey, were adjudged such alien enemies, and their shares (3,766) and their dividends ($3,766) were sequestrated, the shares being transferred to the Confederate states court on the books of the company, and the dividends being paid to the officers of the Confederate states. The names of the loyal stockholders were erased from the list of the company's stockholders. After advertisement, giving the fullest notice of the sale, these shares were sold at public outcry, and purchased in various parcels by eighteen persons to whom, on the orders of Confederate state officers, scrip bearing the same number as those of the loyal stockholders were issued. Subsequently, 1,000 of these 3,766 shares were sold to other persons, viz., E. M. Black, William Carrington, Dewing, Thayer & Co., G. F. Jackson, People's Bank of South Carolina, and H. H. Williams. Black was a director, and attended all the meetings of the board, which considered the orders of the Confederate states court.

The company followed the advice of eminent counsel in obeying the mandates of this court, and, in fact, the penalties for disobedience were very heavy, and no appeal possible, except on giving heavy security. The holders of the sequestrated stock alleged that the company colluded with the officers of the Confederate states, in the sequestration of the shares of the loyal stockholders, but failed, absolutely, to prove this. Shortly after the capture of Charleston, the military seized the works and property of the gas company as captured property, and turned them over to the treasury department, by which they were restored, on conditions that the loyal stockholders were paid, or secured payment, of all back dividends, and that the names of those holding sequestrated stock should be erased from the books of the company, and those of the loyal stockholders put in their places. In fact the property was not restored till these conditions were performed. The holders of the seques-

trated stock claimed that their scrip be also acknowledged as genuine, and threatened to bring suits to establish their claims. The company not moving in the matter, the complainant filed his bill to enjoin such suits, and to have the rights of all the parties adjudicated, claiming that the sequestrated stock was void, not only as issued in hostility to the United States, but as contrary to the company's charter. The holders of the sequestrated stock, both at first and at second-hand, were all made parties defendant. Against some, the bill was taken pro confesso; and others filed answers, claiming that they were entitled to have the stock declared valid, or to have the damages allowed to them. The company were chartered by a public act, and the new scrip was clearly void as an overissue of stock, contrary to the provisions of the charter; but the following decision of the court was not rested on this latter ground alone.

BOND, Circuit Judge. It has been so often decided that acts in furtherance or support of the Rebellion against the United States, or intended to defeat the just rights of its citizens, are null and void, that nothing more than the statement of the facts is necessary to show that the holders of all the sequestrated stock, both the purchasers at first-hand as well as the purchasers at second-hand, have no rights in the premises, and are entitled to no damages.

It is, therefore, ordered, adjudged, and decreed that the scrip issued by the defendants, the Charleston Gaslight Company, in lieu of the shares of the loyal stockholders, sequestrated by the so-called Confederate states, and now outstanding in the names of Thomas Barrett, Otis J. Chaffee, Isaac S. Cohen, John Fraser & Co., Artemus Gould, A. H. Hayden, James Hope, B. D. Lazarus. M. C. Mordecai, B. O'Neil, William Carrington, Dewing, Thayer & Co.. G. F. Jackson. the People's Bank of South Carolina, and H. H. Williams are absolutely null and void, and the holders of them will surrender them to the company to be cancelled.

The injunction heretofore granted in this case, enjoining all and singular the defendants in this cause and the holders of the said certificates of stock, issued in lieu of the sequestrated stock, their agents, officers, servants, and attorneys, from bringing or prosecuting any suit or suits, action or actions against the said Charleston Gaslight Company, for and on account of said certificates of stock, or any of them, or of the stock purported to be represented thereby, or of the acts of the said company in creating the same, or for any damages claimed by reason of the issue of said stock, or any act or thing connected therewith, or arising thereout, is made perpetual.

[The case was previously heard upon demurrer and upon motion to dissolve the preliminary injunction. Case No. 10,974.]